[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff's motion for judgment of strict foreclosure in this mortgage foreclosure action came before the court on December 21, 1998. The defendant Debbie Crumb made five verbal objections to the plaintiff's motion. The first objection is that CT Page 871 she did not receive notice of the court (West, J.) granting the plaintiff's motion for summary judgment as to her liability, which entered on November 17, 1997. The court cannot now verify whether notice was sent to counsel for Debbie Crumb. However, counsel's appearance for the defendant is accurately reflected in the file and there is no reason to presume that notice was not sent. Moreover, the importance of notice of the granting of summary judgment in this case is diminished considerably by the fact that counsel for the defendant did not file any substantive objection or opposition to the plaintiff's motion for summary judgment. (The defendant did object to the motion for summary judgment on the procedural ground that the plaintiff had failed to obtain permission to file this motion under Practice Book § 17-44. This objection was overruled, however, because permission had been granted.) In failing to file any substantive opposition to the plaintiff's motion for summary judgment, defendant's counsel knew or should have known that the motion inevitably would be granted. The defendant's first objection to the motion for judgment of strict foreclosure is overruled.
The defendant's second objection is that the plaintiff has been nonsuited and therefore cannot proceed with its motion for foreclosure. There is no merit to this claim. On April 29, 1996 the court ordered that the defendant's motion for nonsuit for failure to respond to discovery be granted "unless plaintiff complies fully with discovery on or before May 20, 1996." The defendant concedes that the plaintiff filed partial compliance on April 29, 1996 and full compliance on May 21, 1996 at 9:12 a.m. The court finds that the plaintiff's substantial compliance with the court's order precluded the entry of nonsuit. This objection is overruled.
The defendant next contends that the plaintiff failed to comply with Practice Book § 23-16 by failing to provide counsel for the defendant with the appraisal report to be submitted to the court in support of the foreclosure motion. This deficiency has been cured, however. On December 21, 1998, the court ordered the plaintiff to provide a copy of the appraisal report to defendant's counsel immediately and the court re-scheduled the hearing on the plaintiff's motion for January 11, 1999. This objection is therefore overruled.
The defendant next questions the ability of the plaintiff to establish its ownership of the note and mortgage being CT Page 872 foreclosed. The plaintiff's amended complaint sets forth detailed allegations concerning assignments of the mortgage and changes of name with respect to the holders of the mortgage. The court will expect counsel for the plaintiff to provide the court on January 11, 1999 with original documents or certified copies establishing the chain of ownership of the mortgage. The plaintiff is not required to make such a showing prior to the hearing on the motion for judgment of strict foreclosure.
The defendant's final objection concerns the identity of the person who executed the affidavit of debt. The person signing apparently claims to be an officer of a corporation servicing the mortgage loan. Practice Book § 23-18 provides that when no defense concerning the amount of the mortgage debt has been filed, the debt may be established by an affidavit from the plaintiff "or other person familiar with the indebtedness." The defendant has not filed any such defense and an affidavit from a mortgage servicer is therefore in compliance with § 23-18. The court notes that the affidavit of debt attached to the motion for judgment of strict foreclosure is both stale (having been executed in March, 1998) and incomplete and a new affidavit should be provided for the January 11, 1999 hearing.
VERTEFEUILLE, J.